Filed
6/24/2016 9:13:59 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

**IN THE COUNTY COURT**
**OF NUECES COUNTY TEXAS**
**COUNTY COURT AT LAW NO. _____**

| | | |
|---|---|---|
| CARLOS ENRIQUE GARCIA | § | |
| *Plaintiff* | § | |
| vs. | § | CAUSE NO. _____  2016CCV-61488-1 |
| | § | |
| CUDD PUMPING SERVICES, INC. and | § | |
| CUDD PRESSURE CONTROL, INC. d/b/a | § | |
| CUDD ENERGY SERVICES, RPC | § | |
| INC. and JOSE LUIS MARQUEZ | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, CARLOS ENRIQUE GARCIA, hereinafter referred to by name or as Plaintiff, and complains of CUDD PUMPING SERVICES, INC. and/or CUDD PRESSURE CONTROL, INC. d/b/a CUDD ENERGY SERVICES, their parent company RPC, INC., and JOSE LUIS MARQUEZ hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

1.     Plaintiff CARLOS ENRIQUE GARCIA is a resident of Magna, UT.

2.     Defendant CUDD PUMPING SERVICES, INC. is a Delaware corporation and may be served with citation serving its registered agent: Corporation Service Company, 211 E. 7th St, Suite 620, Austin, Texas 78701-3018.

3.     Defendant CUDD PRESSURE CONTROL, INC. is a Delaware corporation and may be served with citation by serving its registered agent: Corporation Service Company, 211 E. 7th St, Suite 620, Austin, Texas 78701-3018.

4.     Defendant RPC, INC. is the parent company of CUDD PUMPING SERVICES, INC. and CUDD PRESSURE CONTROL, INC. Defendant RPC, INC. is a Delaware corporation

EXHIBIT A

that does not maintain a regular place of business in Texas and has not designated an agent for service of process. Defendant has sufficient contacts with Texas, under the Texas long-arm statute, and may be served with process by serving the Texas Secretary of State. Defendant's principal place of business is 2170 Piedmont Road NE, Atlanta, GA 30324-4135. Said Defendant may be served by serving the Texas Secretary of State at: Service of Process, Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701, who is then requested to forward citation to Defendant's registered agent for service of process (whose name is not registered) at 2170 Piedmont Road NE, Atlanta, GA 30324-4135.

5.    Defendant JOSE LUIS MARQUEZ is an individual and may be served with citation at his residence 421 Valle Azul Dr., Socorro, Texas 79927.

6.    Plaintiff intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

7.    On June 16, 2016, CARLOS ENRIQUE GARCIA was struck by a truck owned by Defendants CUDD PUMPING SERVICES, INC. and/or CUDD PRESSURE CONTROL, INC. d/b/a CUDD ENERGY SERVICES, and their parent company RPC, INC. and operated by JOSE LUIS MARQUEZ in the course and scope of his employment with Defendant CUDD PUMPING SERVICES, INC. and/or CUDD PRESSURE CONTROL, INC. d/b/a CUDD ENERGY SERVICES Plaintiff CARLOS ENRIQUE GARCIA sustained severe injuries as a result of the collision and negligence of Defendants.

8.    Venue is proper in Nueces County, Texas.

9.    Defendant JOSE LUIS MARQUEZ operated his vehicle in a negligent manner and violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of a commercial motor vehicle in one or more of the following respects:

    a.    failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

EXHIBIT A

b.   operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

c.   failing to control the speed of his vehicle;

d.   failing to timely apply the brakes of the vehicle in order to avoid the collision in question; and

e.   failing to turn his motor vehicle to the right or the left in an effort to avoid the collision complained of.

10. Defendant CUDD PUMPING SERVICES, INC. and/or CUDD PRESSURE CONTROL, INC. d/b/a CUDD ENERGY SERVICES and their parent company RPC, INC. are liable under the doctrine of *respondeat superior* in that the Defendants' driver was operating the vehicle in the course and scope of his employment with CUDD PUMPING SERVICES, INC. and/or CUDD PRESSURE CONTROL, INC. d/b/a CUDD ENERGY SERVICES and were negligent in one or more of the following respects:

a.   negligent hiring and supervision;

b.   negligent entrustment;

c.   negligent training and supervision;

d.   negligent retention; and

e.   negligent maintenance.

11.   Each of these acts and/or omissions of the Defendants, whether taken singularly or in any combination, constitute negligence, negligence *per se*, gross negligence, and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which the Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

12.   The above-referenced acts and/or omissions by Defendant constitutes malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk considering the probability and magnitude of the potential harm to others. The Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of

EXHIBIT A

others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

13.     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff CARLOS ENRIQUE GARCIA suffered severe injuries to his head, brain, spine, neck, back and, other parts of his body generally. The injuries have had a serious effect on the Plaintiff's health and well being. Some of the effects are permanent and will be with the Plaintiff for a long time into the future, if not for his entire life. These injuries and their ill effects have caused the Plaintiff's physical and mental condition to deteriorate and will in all reasonable probability cause the Plaintiff to suffer the consequences and the ill effects of these injuries for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of these injuries, the Plaintiff suffered great physical and mental pain, suffering, and anguish and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

14.     As a further result of all of the above, Plaintiff CARLOS ENRIQUE GARCIA has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

15.     As a further result of the injuries sustained by Plaintiff CARLOS ENRIQUE GARCIA, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for medical care and attention.

16.     By reason of all of the above, Plaintiff CARLOS ENRIQUE GARCIA, has suffered losses and damages in a sum within the jurisdictional limits of this court for which he sues.

-4-

EXHIBIT A

17.     As a consequence of the injuries sustained by Plaintiff, CARLOS ENRIQUE GARCIA, he has sustained physical impairment and disfigurement.   In all reasonable probability, this disability will cause him to suffer long into the future, if not for the balance of his natural life.

18.     Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

19.     Plaintiff demands a trial by jury.   Plaintiff acknowledges payment this date of the required jury fee.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

**COMES NOW**, Plaintiff, CARLOS ENRIQUE GARCIA, before this Honorable Court and files a motion for temporary injunction and in connection therewith, presents a motion for a temporary restraining order together with her original petition for injunction and affidavit supporting the motion presented.

### I.

Plaintiff requests a temporary restraining order and temporary injunction that unless Defendants are immediately deterred from taking any action that might alter, damage or destroy evidence, they will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request that the Court order that Defendants and any and all other individuals their agents, servants, employees or anyone having knowledge of this order are hereby commanded forthwith to desist and refrain from taking any action that might alter, damage or destroy, in any way:

-5-

EXHIBIT A

1.  Any and all of the remains of the vehicle to wit: the 2012 Ford 250, VIN 1FT7W3BT1CEC31051 vehicle, including tires, the engine electronic control module (ECM), tachograph, GPS devices, and/or any ancillary devices involved in the incident which occurred on June 16, 2016 or in any way from moving, repairing, testing, or altering such vehicle and its contents without notice to and consent of Plaintiff;

2.  All driver logs and records of duty status for the two years preceding the date of the incident;

3.  All data relating to the electronic control module (ECM), black box, any onboard computer or other engine computer for the truck involved in the incident for the day of the incident and the two years preceding the incident;

4.  The actual electronic control module, black box, onboard computer, or other engine computer containing the data referred to in the preceding paragraph;

5.  All computerized tracking information, including GPS and radar records for the driver and/or the tractor-trailer, including satellite tracking, driver messaging, dispatcher's sheets, registers, and other records pertaining to movement of the vehicle involved in the incident for the two (2) year period prior to the incident;

6.  any and all communication devices such as, but not limited to, cell phones and messaging systems, which were in possession of the driver and company personnel involved in the incident, including calls, text messages, SMS, MMS, emails, and any other uses of the communication devices;

7.  All data and video event recording technology data and records (such as SmartDrive or any other similar event recording system).

Plaintiffs further move this Honorable Court to order that Defendants be cited to appear and show cause and that upon such hearing a temporary injunction be issued enjoining such Defendants, their agents, their servants, and employees or anyone acting in concert therewith from taking any such action or from taking any action that might alter, damage or destroy in any way, the vehicle involved in the April 3, 2014 incident or any other evidence involved in this incident or from removing, repairing or testing said evidence without notice to and consent of Plaintiff, and that Defendants allow Plaintiff or his representatives to inspect, photographs and videotape the vehicle involved in the incident made the basis of this injunction, and that Defendant provide Plaintiff an inventory of such evidentiary matters not in their possession, and for such other relief and may be proper and just at equity and at law.

EXHIBIT A

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court enter its Temporary Restraining Order and, upon hearing, Temporary Injunction. Plaintiff asks that the Defendants be cited to appear and answer and on final trial hereafter the Plaintiff has judgment against Defendants jointly and severally in an amount within the jurisdictional limits of this Court together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity including, but not limited to:

1.  Pain and suffering in the past;
2.  Pain and suffering in the future;
3.  Mental anguish in the past;
4.  Mental anguish in the future;
5.  Past medical expenses;
6.  Future medical expenses;
7.  Physical impairment in the past;
8.  Physical impairment in the future;
9.  Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Pre judgment interest;
12. Post judgment interest;
13. Exemplary damages;
14. Loss of past wages;
15. Loss of future wages;
16. Loss of wage earning capacity;
17. Property damage; and
18. Loss of use.

Respectfully submitted,

**LAW OFFICES OF THOMAS J. HENRY**
521 Starr Street
Corpus Christi, Texas 78401
Telephone: 361-985-0600
Facsimile: 361-985-0601

BY:     */s/ Curtis W. Fitzgerald, II*
THOMAS J. HENRY
STATE BAR NO. 09484210
CURTIS W. FITZGERALD, II
STATE BAR NO. 24012626
*EMAIL: cfitzgerald-svc@tjhlaw.com*
**ATTORNEYS FOR PLAINTIFF**
**\*service by email to this address only.**

EXHIBIT A

## AFFIDAVIT

**THE STATE OF TEXAS**     §
                           §
**COUNTY OF NUECES**       §

      **BEFORE ME,** the undersigned authority, personally appeared, Curtis W. Fitzgerald, II,

who upon his oath stated,

      "I am an attorney licensed to practice law in the State of Texas.  I have been employed to represent Plaintiff for injuries sustained in the incident which occurred on June 16, 2016.  If the vehicle involved in this incident which is in the possession of the Defendant, CUDD PUMPING SERVICES, INC. and/or CUDD PRESSURE CONTROL, INC. d/b/a CUDD ENERGY SERVICES, their parent company RPC, INC., and JOSE LUIS MARQUEZ and relevant evidence is in any way altered, crucial evidence may be forever lost to the Plaintiff.  The facts stated in the Application for Temporary Restraining Order and Temporary Injunction are true and correct.

      "Further, Affiant sayeth not."


_____
Curtis W. Fitzgerald, II


      **SUBSCRIBED AND SWORN TO BEFORE ME,** by the said Curtis W. Fitzgerald, II, on the 24th day of June 2016 to certify which witness my hand and seal.

IRENE G. MARTINEZ
Notary Public, State of Texas
Comm. Expires 04-16-2017
Notary ID 4268125

_____
Notary Public, State of Texas

-8-

EXHIBIT A

Filed
6/24/2016 9:13:59 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

# IN THE COUNTY COURT
# OF NUECES COUNTY TEXAS
# COUNTY COURT AT LAW NO.

CARLOS ENRIQUE GARCIA §
*Plaintiff* §
vs. §
§
CUDD PUMPING SERVICES, INC. and §
CUDD PRESSURE CONTROL, INC. d/b/a §
CUDD ENERGY SERVICES, RPC §
INC. and JOSE LUIS MARQUEZ §
*Defendants* §

CAUSE NO. 2016CCV-61488-1

## TEMPORARY RESTRAINING ORDER

On this day, CARLOS ENRIQUE GARCIA has filed a temporary restraining order together with his original petition. It is clear that the Plaintiff is entitled to a temporary retraining order. Unless Defendants CUDD PUMPING SERVICES, INC. and/or CUDD PRESSURE CONTROL, INC. d/b/a CUDD ENERGY SERVICES, their parent company RPC, INC., JOSE LUIS MARQUEZ, Defendant's attorney(s), or any other individuals are immediately enjoined from taking any action that might alter, damage, or destroy the vehicle, including tires, the engine electronic control module (ECM), tachograph, GPS devices, and/or any ancillary devices involved in the incident which occurred on June 16, 2016, Plaintiff will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection, or testing of the vehicle involved herein will destroy or severely alter the condition of the evidence and prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

EXHIBIT A

IT IS THEREFORE, ORDERED that Defendants CUDD PUMPING SERVICES, INC. and/or CUDD PRESSURE CONTROL, INC. d/b/a CUDD ENERGY SERVICES, their parent company RPC, INC., and JOSE LUIS MARQUEZ and all other individuals, their agents, servants, employees, or anyone having knowledge of this order are hereby commanded forthwith to desist and refrain from taking any action that might alter, damage or destroy, in any way:

1. Any and all of the remains of the vehicle to wit: the 2012 Ford 250, VIN 1FT7W3BT1CEC31051 vehicle, including tires, the engine electronic control module (ECM), tachograph, GPS devices, and/or any ancillary devices involved in the incident which occurred on June 16, 2016 or in any way from moving, repairing, testing, or altering such vehicle and its contents without notice to and consent of Plaintiff;

2. All driver logs and records of duty status for the two years preceding the date of the incident;

3. All data relating to the electronic control module (ECM), black box, any onboard computer or other engine computer for the truck involved in the incident for the day of the incident and the two years preceding the incident;

4. The actual electronic control module, black box, onboard computer, or other engine computer containing the data referred to in the preceding paragraph;

5. All computerized tracking information, including GPS and radar records for the driver and/or the tractor-trailer, including satellite tracking, driver messaging, dispatcher's sheets, registers, and other records pertaining to movement of the vehicle involved in the incident for the two (2) year period prior to the incident;

6. any and all communication devices such as, but not limited to, cell phones and messaging systems, which were in possession of the driver and company personnel involved in the incident, including calls, text messages, SMS, MMS, emails, and any other uses of the communication devices;

7. All data and video event recording technology data and records (such as SmartDrive or any other similar event recording system).

The clerk shall forthwith on the filing by Plaintiff of the bond hereinafter required and in approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this order. This order shall not be effective unless and until Plaintiff execute and file with the clerk a bond in conformity with the law, in the amount of $ _500.00_.

EXHIBIT A

IT IS FURTHER ORDERED, that Plaintiff's Application for Temporary Injunction be heard at __9__ o'clock _A_ .m, on the _11_ day of _July_ . 2016, in the County Court at Law No. _1_ , in Nueces County, Texas.

IT IS FURTHER ORDERED that notice be issued to the Defendants commanding them to appear and show cause why the temporary injunctions prayed for in Plaintiff's Original Petition and Application for Temporary Injunction should not be granted.

SIGNED AND ENTERED this the _24_ day of _June_ , 2016 at _10:30_ O'Clock, _a_ .m.

_____
JUDGE PRESIDING

Filed
6/24/2016 4:09:01 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

**IN THE COUNTY COURT**
**OF NUECES COUNTY TEXAS**
**COUNTY COURT AT LAW NO. _1_**

CARLOS ENRIQUE GARCIA §
    *Plaintiff* §
vs. § CAUSE NO. _2016CCV-61488-1_
     §
CUDD PUMPING SERVICES, INC. and §
CUDD PRESSURE CONTROL, INC. d/b/a §
CUDD ENERGY SERVICES, RPC §
INC. and JOSE LUIS MARQUEZ §
    *Defendants* §

---

## BOND

THE STATE OF TEXAS §
     §
COUNTY OF NUECES §

WHEREAS, in above-styled cause, the Honorable _GALVAN_, did on the _24TH_ day _June_, 2016, sign an Order granting a Temporary Restraining Order against Respondents herein and ordering Applicant to make, execute and file a Temporary Restraining Order Bond in the sum of $ _500.00_, payable to the adverse party before issuance of the Temporary Restraining Order, therefore:

KNOW ALL MEN BY THESE PRESENTS, that we, CARLOS ENRIQUE GARCIA, as principal, Thomas J. Henry and Roger Turk, as sureties, acknowledge ourselves bound to pay $ _500.00_, conditioned that Applicants will abide by the decision that may be made in the aforesaid cause, and that they will pay all sums of money and costs that may be adjudged against them if the Temporary Restraining Order issued on _June 24_, 2016, in the aforesaid cause shall be dissolved in whole or in part.

THAT WE, CARLOS ENRIQUE GARCIA as principal and Thomas J. Henry and Roger Turk as Sureties, are held and firmly bound in the sum of _$500.00_ Dollars

EXHIBIT A

($ _500_ ).  For the payment of which sum, or sums, well are truly to be made, we do bind

ourselves, our heirs, executors and administrators, jointly and severally by these presents.

WITNESS OUR HANDS this the _24TH_ day of _June_____, 2016.


Surety: _____
              Thomas J. Henry
Address:     521 Starr Street
              Corpus Christi, Texas 78401
Telephone:  361-985-0600


Surety: _____
              Roger L. Turk
Address:     521 Starr Street
              Corpus Christi, Texas 78411
Telephone:  361-985-0600


EXHIBIT A

## OATH OF SURETIES

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF NUECES | § |

We, each of us Thomas J. Henry and Roger Turk do swear that we are worth in our own right, at least the sum of _Five Hundred + xx/100_ Dollars ($ _500.~_ ) after deducting from our property all that which is exempt by the Constitution and laws of the State from forced sale, and after the payment of all our debts, of every description, whether individual or security debts and after satisfying all encumbrances upon our property which are known to us, and that we reside in the County of Nueces and have property in the State liable to execution worth:

The said sum of _Five Hundred_ Dollars ($ _500.00_ ).

_Thomas J. Henry_
THOMAS J. HENRY

_Roger L. Turk_
ROGER TURK

SUBSCRIBED AND SWORN TO BEFORE ME on this the ___24___ day of _____
___June___ 2016.

_[signature]_
Notary Public, State of Texas

IRENE G. MARTINEZ
Notary Public, State of Texas
Comm. Expires 04-16-2017
Notary ID 4268125